IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-0023-WS |
| | ) |
| **JEROME HARRIS, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on defendant Jerome Harris, Jr.'s *pro se* Motion (doc. 54) and Notice of Appeal (doc. 55).

On June 1, 2005, Harris was tried and found guilty of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and carrying six firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).  A sentencing hearing on these convictions has been set for September 19, 2005 at 9:00 a.m.  Despite being presently represented by retained counsel, defendant has now filed a *pro se* Notice of Appeal, as well as Motion complaining of alleged civil rights violations in the Baldwin County Jail pertaining to his access to law books and research materials.

Because defendant has not yet been sentenced and judgment has not yet been entered against him, his purported Notice of Appeal is premature.  *See* Rule 4(b), Fed.R.App.P.  As the Eleventh Circuit has explained, "In a criminal case the notice of appeal is to be filed in district court within ten days after the entry of the judgment or order appealed from. ... In a criminal case the final judgment means the sentence. The sentence is the judgment." *United States v. Curry*, 760 F.2d 1079 (11th Cir. 1985); *see also Flanagan v. United States*, 465 U.S. 259, 263, 104 S.Ct. 1051 (1984) (explaining that final judgment rule generally prohibits appellate review of criminal cases until after conviction and imposition of sentence).  Defendant does not offer any possible explanation why appeal in this case cannot await entry of final judgment.  *Compare Pagan v. United States*, 353 F.3d 1343, 1345 (11th

Cir. 2003) (identifying limited circumstances in which collateral orders may be deemed appealable in criminal cases, and requiring that the order "be effectively unreviewable on appeal from the final judgment").

Furthermore, defendant's stated concerns regarding conditions in the Baldwin County Jail and his request for injunctive relief against Baldwin County Jail officials are not remediable in the form and context in which they are presented.  Finally, and fundamentally, because Harris is represented by counsel, he is not entitled both to appear through counsel and to represent himself in these proceedings. *See, e.g., Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (explaining that Eleventh Circuit "has held repeatedly that an individual does not have a right to hybrid representation").

For all of these reasons, defendant's *pro se* filings (docs. 54 & 55) are hereby **stricken**, without prejudice to his right to reassert them at appropriate times and in appropriate circumstances. Defendant's retained counsel is hereby placed on notice of his client's *pro se* filings and is directed to review them and take any action deemed appropriate.

DONE and ORDERED this 14th day of June, 2005.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE