**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 05-0023-WS** |
| | ) | |
| **JEROME HARRIS, JR.,** | ) | |
| | ) | |
| **Petitioner.** | ) | |

**ORDER**

This matter comes before the Court on petitioner's Motion for Disclosure of Grand Jury Transcripts Pursuant to F.R.C.P. 6(e) (doc. 140).

On June 1, 2005, following a jury trial, petitioner Jerome Harris, Jr., was convicted of the offenses of possession with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  After numerous delays based on a variety of circumstances (including Harris's cooperation with the Government, substitution of defense counsel on multiple occasions, and the like), Harris was sentenced on November 7, 2006 to a term of imprisonment of 300 months, consisting of 240 months for the drug charges and 60 months on the firearm charge, to run consecutively.  (*See* doc. 119.)  On August 28, 2007, the Eleventh Circuit Court of Appeals issued as mandate a judgment affirming Harris's conviction and sentence.  (Doc. 130.)  Defendant proceeded to file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 131).  At Harris's request, the Court granted him until July 15, 2008 to file an amended § 2255 petition.  (*See* doc. 138.) Presumably to assist him in preparing that amended petition, Harris now seeks access to the transcripts of the grand jury proceedings that culminated in his indictment.

"It has long been a policy of the law that grand jury proceedings be kept secret.... The English rule of grand jury secrecy has been incorporated into our federal common law and remains 'an integral part of our criminal justice system.'"  *Blalock v. United States*, 844 F.2d 1546, 1555 (11th Cir. 1988) (citation omitted); *see also United States v. Phillips*, 843 F.2d 438,

441 (11th Cir. 1988) ("The secrecy of the grand jury is sacrosanct."). To safeguard the confidentiality of grand jury proceedings, "a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Coffey*, 361 F. Supp.2d 102, 125 (E.D.N.Y. 2005). That said, Rule 6(e)(3)(E)(i) specifically authorizes a district court in the district where the grand jury convened to order the disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding." To justify lifting the cloak of secrecy surrounding grand jury proceedings pursuant to this exception, applicants must show (1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding"; (2) "that the need for disclosure is greater than the need for continued secrecy"; and (3) "that their request is structured to cover only material so needed." *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004) (citations omitted). "These same demanding standards apply even *after* the grand jury has concluded its operations." *Id.*[1]

At a minimum, Harris's request flunks the second prong of the test articulated in *Aisenberg*. To carry its burden of proving that the need for disclosure outweighs the need for, and public interest in, grand jury secrecy, "the party seeking disclosure of grand jury material must show a compelling and particularized need for disclosure." *Aisenberg*, 358 F.3d at 1348. This "compelling and particularized need" contemplates a showing that "circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to *specific* grand jury materials ...." *Id.* (citation omitted). Harris explains that he requires access to the grand jury transcripts to determine "if Petitioner's conduct, prior to the church incident was a part of the scope of indictment." (Motion, at 2.)[2]

---

[1]     Notwithstanding the foregoing, the Eleventh Circuit has emphasized the "wide discretion given district courts in evaluating whether disclosure of grand jury materials would be appropriate." *United Kingdom v. United States*, 238 F.3d 1312, 1320 (11th Cir. 2001).

[2]     The evidence adduced at trial was that Harris had been arrested at Mt. Hebron Baptist Church in Prichard, Alabama after he deposited a stash of weapons, crack cocaine, powder cocaine, and drug paraphernalia on the altar during Sunday morning church services in a purported act of repentance for past transgressions. At trial, Harris's lawyer argued that all counts against him should be dismissed because Harris lacked the requisite intent to distribute the drugs or use the firearms when he entered the church and placed them on the altar. The Court denied the defense's Rule 29 motions advanced on that basis, on the grounds that there

It is of course elementary that "a defendant can only be convicted for a crime charged in the indictment."  *United States v. Ward*, 486 F.3d 1212, 1226 (11th Cir. 2007).  Nonetheless, the fundamental problem with Harris's contention is that the Indictment on its face is not confined to the moment of Harris's arrest or the moment when he entered the church on the morning of October 3, 2004.  Rather, all three offenses of conviction are recited in the Indictment as having occurred "[o]n or about October 3, 2004."  Plainly, the Indictment was not so narrowly circumscribed to charge him with possessing drugs with intent to distribute them only at the precise moment when he relinquished them at the altar, or with possessing firearms in furtherance of a drug trafficking crime solely at that moment; rather, the Indictment encompasses all of Harris's conduct during the approximate time frame of October 3, 2004.  *See United States v. Champion*, 813 F.2d 1154, 1168 (11th Cir. 1987) ("When the prosecution uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient.").  No further temporal precision was required.  *See, e.g., United States v. Steele*, 178 F.3d 1230, 1234 (11th Cir. 1999) (recognizing that it is "hornbook law that great generality in the allegation of date is allowed - at least where, as here, the exact time of the crime's commission is not important under the statute allegedly violated") (citation omitted).  Furthermore, the scope of the Indictment is determined by reference to the charging language used therein, not to the nature and content of testimony presented to the grand jury.  *See generally United v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (explaining that in ruling on sufficiency of indictment, "a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes").  Simply put, if the Indictment's plain language encompasses a time period broader than the church incident itself -- and it clearly does -- then it is of no moment what may have been said in the grand jury room about the temporal scope of Harris's unlawful conduct.

The point of all of the foregoing is this: Harris has shown no compelling and particularized need for disclosure of grand jury materials.  His theory that he was convicted of a

---

was evidence from which a reasonable jury could conclude that prior to Harris coming to church that morning "he possessed these drugs with the intent to distribute them, ... and possessed the guns in relation and during a drug trafficking offense."  (Trial Transcript (doc. 87), at 130-31.)

crime outside the scope of the Indictment is conclusively rebutted by the plain language of the Indictment itself.  Accordingly, there would be no conceivable benefit (much less a compelling and particularized need) to allowing him to rummage through transcripts of secret grand jury proceedings attempting to bolster his argument of a variance that does not exist.

For all of the foregoing reasons, the Court finds that Harris's showing falls far short of the rigorous requirements governing disclosure of secret grand jury material.  As such, his Motion for Disclosure of Grand Jury Transcripts (doc. 140) is **denied**.

DONE and ORDERED this 19th day of June, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE