IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-0023-WS |
| | ) | |
| JEROME HARRIS, JR., | ) | CIVIL NO. 08-CV-0158-WS |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This matter comes before the Court on petitioner Jerome Harris, Jr.'s Motion for Certificate of Appealability, construed from his Notice of Appeal (doc. 175).  *See, e.g., Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997) ("District courts must treat notices of appeal filed by petitioners following a denial of ... a section 2255 petition as applications for COAs.").  Also pending is Harris's filing styled "Motion for Release of Evidentiary Hearing Transcripts" (doc. 176).

Petitioner has no absolute right to either a Certificate of Appealability ("COA") or a free transcript.  With respect to the former, it is well established that "[a] COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  *Pagan v. United States*, 353 F.3d 1343, 1346 (11th Cir. 2003) (citation omitted); *see also United States v. Futch*, 518 F.3d 887, 895 (11th Cir. 2008) (explaining that grant of COA is appropriate only if district court's ruling on constitutional claims presented in § 2255 petition is "debatable amongst jurists of reason") (citation omitted).  With respect to the latter, "[t]he established rule is that the expenditure of public funds is proper only when authorized by Congress ....  Where Congress has addressed the subject as it has here, and authorized expenditures where a condition is met, the clear implication is that where the condition is not met, the expenditure is not authorized."  *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.C. 2086, 48 L.Ed.2d 666 (1976).  As a matter of statute, a § 2255 petitioner is entitled to a transcript at public expense in connection with an *in forma pauperis* petition or appeal only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue

presented by the suit or appeal."  28 U.S.C. § 753(f).[1]

On June 16, 2009, the undersigned entered an Order (doc. 177) requiring Harris to identify his grounds for appeal so that the Court could ascertain (a) whether Harris has made a substantial showing of the denial of a constitutional right that might entitle him to a COA with respect to any of those issues to be raised on appeal, and (b) whether Harris's appeal is non-frivolous and the transcript is needed to decide the issues presented by his appeal.  In response, Harris timely filed an eight-page handwritten document styled "Supplement Motion for Certificate of Appealability and Supplement Motion for Release of Evidentiary Hearing Transcripts" (doc. 181), wherein he purports to identify his grounds for appeal.

Although it is difficult to discern the precise issues that Harris intends to raise on appeal from his rambling submission, it appears that he intends to present the following arguments to the Eleventh Circuit on appeal of the denial of his § 2255 motion: (1) the Court's finding of fact that Officer Nixon gave Harris *Miranda* warnings at the outset of their interview was incorrect, (2) the Court's finding that Harris executed a written waiver of his *Miranda* rights prior to any substantive questioning by Lt. Taylor was incorrect, (3) Harris's confession was involuntary because he was under the influence of narcotics, (4) Harris's confession was coerced by the threat that his wife would go to jail unless he cooperated, (5) Government witnesses perjured themselves (and Harris himself testified truthfully) concerning the conflict of interest issue, (6) Harris's constitutional rights were violated when his lawyer refused to allow him to testify at trial, and (7) the Court erred at the § 2255 evidentiary hearing by allowing the Government to introduce evidence of complaints Harris had brought to the Alabama State Bar concerning his former attorneys.[2]

---

[1] *See generally Jefferies v. Wainwright*, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").

[2] Harris also protests that he was not allowed to call Pastor Joe Johnson as a witness at the evidentiary hearing because that witness had been present in the courtroom throughout the hearing, even though the Government was allowed to call as a witness Officer Joe Wolfe, who had also been present in the courtroom.  This claim of unfairness is entirely without

With respect to Harris's request for a COA, the Court finds that none of the issues he has identified for appeal are debatable amongst jurists of reason or are otherwise "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The bulk of Harris's objections to the Order (doc. 172) denying his § 2255 motion concern factual findings made by the Court following a comprehensive evidentiary hearing that exceeded the duration of Harris's trial. Harris balks that the Court found law enforcement officers' testimony credible, and disputes the undersigned's determination that his testimony was not credible on various points. In advancing these arguments in his supplemental filing, Harris contradicts his own sworn testimony from the hearing, distorts the testimony of law enforcement officers to suit his purposes, and fixates on inconsequential details (*e.g.*, the location of a debrief session, rather than its results) that reasonable witnesses might naturally misremember at an evidentiary hearing conducted some four years after the fact.[3] Of

---

merit. The Government properly invoked the witness sequestration rule found at Rule 615, Fed.R.Evid., otherwise known in this District Court as "The Rule," at the outset of the hearing. Pastor Johnson was disqualified from testifying because of his presence in the courtroom in contravention of The Rule. *See* Rule 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses ...."). By contrast, Officer Wolfe was exempt from the ambit of The Rule because of his status as the Government's case agent. *See, e.g., United States v. Butera*, 677 F.2d 1376, 1381 (11th Cir. 1982) (case agent "was clearly exempted under Rule 615(2)"). Harris's objection on this point is unfounded.

[3] In the context of this pending COA request, and in view of the extensive expenditure of judicial resources on Harris's § 2255 petition to date, this Court will not embark on an exhaustive point-by-point rebuttal of the numerous factual inaccuracies and logical fallacies set forth in Harris's supplemental filing. By way of example, however, Harris now suggests that Detective Sanders' testimony at the evidentiary hearing that he believed Harris's story (in which Harris explained the numerous drugs and guns in his possession by saying he had taken them from kids on the street) contradicted Detective Sanders' trial testimony that he suspected Harris of wrongdoing because his name rang a bell relating to an ongoing investigation. Detective Sanders testified to no such thing at trial; to the contrary, his trial testimony was that "what he had done was at that point to my knowledge an admirable thing" and "he done a great thing." (Trial Transcript (doc. 87), at 26, 48.) His evidentiary hearing testimony echoed his trial testimony on this point, and there is no inconsistency. Similarly, Harris's supplemental filing takes issue with the judicial finding that Harris testified to having told the Government incriminating information about Samuel Jones, insisting that he "never said" that. (Doc. 181, at 6.) This contention is simply false. At the hearing, Harris expressly and unequivocally testified that he had informed the Government of the (limited) information he

course, Harris's assignments of error on appeal that are predicated on this Court's factual findings will be reviewed for clear error.  *See, e.g., Thomas v. United States*, --- F.3d ----, 2009 WL 1856048, *2 (11th Cir. June 30, 2009) ("In a Section 2255 proceeding, we review ... factual findings under a clear error standard.") (citations omitted); *Garcia v. United States*, 278 F.3d 1210, 1211 (11th Cir. 2002) ("On appeal, we review a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error ....").  Upon consideration of Harris's challenges to this Court's findings of fact, the undersigned is of the opinion that no reasonable jurist could conclude on this record that those findings were clearly erroneous; therefore, no COA is warranted on Harris's objections to those factual determinations.

Aside from findings of fact, Harris indicates that he wishes to appeal certain conclusions of law, as well, on issues such as his intoxication theory for suppression of his confession, his coercion theory for suppression, and his claim that counsel was ineffective in not allowing him to testify at trial.  The Order denying Harris's § 2255 petition set out in clear terms the legal basis for each of those determinations.  In particular, the Court explained that Harris's intoxication contention failed because there was no evidence in the record that Harris was high at the time of his inculpatory statements, much less that his interrogators knew or reasonably should have known that he was under the influence; that his coercion theory was baseless because no threats were made and, even if they were, there was no showing that Harris's will was overborne so as to render his confession involuntary; and that any deficient performance by Harris's trial counsel as to his right to testify was unavailing because Harris made no showing of prejudice.  The Court is of the opinion that none of these conclusions are debatable among jurists of reason; therefore, Harris's request for a COA is denied as to those purported grounds for appeal.

Finally, Harris announces a new issue that he intends to raise on appeal, namely, that this Court erred by allowing the Government to introduce evidence of the litany of bar complaints that Harris had made against his former attorneys.  But the Order denying Harris's § 2255 motion did not mention those bar complaints, and this Court did not rely on them in any way in

---

knew concerning Jones' drug activities.  Harris cannot create a colorable issue for appeal by disregarding or disavowing his own sworn testimony.

making that ruling.  Therefore, any error that may be ascribed to the admission of those documents at the hearing is harmless, and cannot form a viable basis for issuance of a COA. *See, e.g., United States v. Hornaday*, 392 F.3d 1306, 1316 (11th Cir. 2004) (error is harmless where court can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error") (citation omitted).

For all of the foregoing reasons, petitioner's request for a COA is **denied**.

Notwithstanding the above, the Court recognizes that a transcript of the evidentiary hearing held on April 8, 2009 is reasonably necessary to decide Harris's challenges on appeal to the credibility determinations and findings of fact made at the evidentiary hearing.  Moreover, the Court cannot say that Harris's second-guessing of these findings of fact is frivolous for purposes of 28 U.S.C. § 753(f).  But that statute is very clear that § 2255 petitioners are not entitled to free transcripts unless they are "persons permitted to sue or appeal in forma pauperis." 28 U.S.C. § 753(f).  To date, Harris has not requested leave to appeal *in forma pauperis*, nor has he complied with the statutory requirements for doing so.  Indeed, a prisoner seeking *in forma pauperis* status must submit a financial affidavit regarding his prisoner account balance.  *See* 28 U.S.C. § 1915(a)(2) (prisoner who wishes to proceed without prepayment of fees must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the ... notice of appeal").  Harris has not done so.  Because these prerequisites have not been satisfied, Harris's "Motion for Release of Evidentiary Hearing Transcripts" (doc. 176) is **denied**, without prejudice to his ability to renew the motion upon satisfaction of the threshold requirements set forth above.

**DONE** and **ORDERED** this 6th day of July, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
