IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-0023-WS |
| | ) | |
| JEROME HARRIS, JR., | ) | CIVIL NO. 08-CV-0158-WS |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This long-closed postconviction action by a federal prisoner comes before the Court on petitioner Jerome Harris, Jr.'s Motion for Relief from Judgment (doc. 193).

**I. Relevant Background.**

The Court has written extensively to Harris's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, in two previous orders;[1] therefore, only a brief recapitulation of the factual and procedural history will be recounted here.

In June 2005, following a jury trial, Harris was convicted of possessing with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. § 841(a)(1), and using or carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Harris was sentenced to a total term of 300 months' imprisonment for those offenses.

Following an unsuccessful direct appeal, Harris brought a § 2255 petition wherein he alleged, among other things, that he had received ineffective assistance of counsel when his attorney prevented him from testifying at trial. The Government contended that this claim was meritless because, even assuming constitutionally deficient performance, the testimony that Harris would have presented at trial was so far-fetched that no reasonable jury could have

---

[1] In a 20-page Order (doc. 168) entered on January 6, 2009, the Court found that petitioner was entitled to an evidentiary hearing on his asserted grounds for relief. After that hearing (at which Harris was present and was represented by appointed counsel), the undersigned entered a 25-page Order (doc. 172) addressing and denying each of Harris's asserted claims on the merits. *See United States v. Harris*, 613 F. Supp.2d 1290 (S.D. Ala. 2009).

believed it, such that Harris could not have been prejudiced by any infringement on his right to testify. *See, e.g., United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir. 1992) ("we believe the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel under *Strickland v. Washington*"). The Court found, however, that an evidentiary hearing on this issue was needed because it was not possible to make the credibility determination inherent in the Government's position without observing Harris's proposed testimony firsthand. As the Order (doc. 68) setting the evidentiary hearing put it, "the Court is ill-equipped to evaluate the credibility of Harris's proffered testimony without hearing him give that testimony in an evidentiary hearing. ... The bottom line is that the Court cannot assess whether it is reasonably probable that Harris's testimony would have changed the outcome of the trial in his favor without hearing and evaluating the credibility of his testimony on the witness stand." (Doc. 168, at 17-18.)

At the ensuing hearing conducted on April 8, 2009, "Harris made no proffer of what he would have told the jury at trial had he testified. … This omission, in contravention of the January 6 Order, compels a conclusion that Harris has failed to meet his burden of establishing prejudice on the right-to-testify issue." *United States v. Harris*, 613 F. Supp.2d 1290, 1309 (S.D. Ala. 2009). Accordingly, based on Harris's failure to demonstrate a reasonable probability that the outcome of his trial would have been different had trial counsel permitted him to testify, the Court denied this aspect of Harris's § 2255 motion on the merits via Order entered on May 11, 2009, on the ground that "he has not satisfied the *Strickland* prejudice standard." *Id.* at 1310. Harris's appeal of this ruling was rejected in February 2010, when the Eleventh Circuit denied him a certificate of appealability because he had failed to make a substantial showing of a constitutional deprivation. (Doc. 192.)

Nearly a year to the day after the May 11 Order denied his petition for relief under § 2255, Harris filed the instant Motion for Relief from Judgment, pursuant to Rule 60(b)(1), Fed.R.Civ.P. The gravamen of Harris's motion is that his failure to present evidence of prejudice as to the right-to-testify issue at his § 2255 hearing was the product of mistake, inadvertence or excusable neglect. On that theory, Harris asks the Court to "vacate and set aside the judgment denying ground three of Mr. Harris's § 2255 motion" and to "schedule an

evidentiary hearing for the purpose of hearing Harris's prospective testimony" about what he would have told the jury had he testified in his original trial. Essentially, then, what Harris requests is a do-over of the April 2009 hearing to present evidence that was available to him, that (for whatever reason) he neglected to submit at that time, and that in hindsight he now wishes he had presented when he had the chance.

## II.     Harris's Rule 60(b) Motion is Barred as a Successive § 2255 Petition.

As a threshold matter, the Court must consider whether it even has jurisdiction to hear the Rule 60(b) motion. Harris is correct that Rule 60(b)(1) generally affords district courts discretion to relieve a party from a final judgment for reasons of "mistake, inadvertence, surprise or excusable neglect." *Id.*; *see also Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 n.2 (11th Cir. 1996) ("Rule 60(b) motions are directed to the sound discretion of the district court."). But there are stringent limitations on habeas petitioners' ability to rely on Rule 60(b) motions to circumvent statutory restrictions on second or successive § 2254 or § 2255 petitions. Interpreting the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

The critical question is whether Harris's Rule 60(b) motion is actually a second or successive § 2255 petition in disguise. "If Petitioner's 60(b) motion is not really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Williams*, 510 F.3d at 1293-94 (quoting *Gonzalez*, 545 U.S. at 532). By contrast, the Rule 60(b) motion is not to be regarded as a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. at 532).[2]

---

[2]     *Compare Torres v. United States*, 2009 WL 3030207, *2 (11th Cir. Sept. 24, 2009) (Rule 60(b) motion was successive habeas petition where petitioner "simply reasserted the same

-3-

Here, Harris does not attempt to raise new grounds for § 2255 relief. He does not simply reargue positions previously taken, nor does he suggest that this Court should have decided the right-to-testify issue differently based on the evidence actually presented at the hearing. Instead, Harris maintains that his evidentiary hearing was rendered defective "due to appointed counsel's inadvertent failure to fully examine Harris, and bring forth evidence as to the contents of his prospective trial testimony." (Doc. 193, at 1.) The question is whether this ground for Rule 60(b) relief -- that Harris's lawyer purportedly failed to pose questions at the § 2255 hearing that would have elicited testimony enabling him to prove prejudice on his right-to-testify claim -- should be construed for *Gonzalez* purposes as an attack on the substance of the Court's ruling (in which case it is an improper successive petition) or as an attack on the integrity of the habeas proceedings (in which case it may properly be considered under Rule 60(b)(1)).

*Gonzalez* itself answers this question. There, the Supreme Court explained "that an attack based on the movant's own conduct, ***or his habeas counsel's omissions*** … ordinarily ***does not go to the integrity of the proceedings***, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n.5 (emphasis added). Federal courts routinely hew to this language in denying Rule 60(b) motions such as Harris's for lack of jurisdiction. *See, e.g., Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (where habeas petitioner's Rule 60(b) motion brought "an attack based on his habeas counsel's omissions," the motion was "in effect a second or successive habeas petition that seeks to present claims that have already been adjudicated in a previous petition"); *Gray v. Mullin*, 2006 WL 715770, *2 (10th Cir. Mar. 22,

---

argument he had offered in his § 2255 reply") *with Williams v. United States*, 2010 WL 26231, *2 (11th Cir. Jan. 6, 2010) (Rule 60(b) challenge to ruling that habeas petition had not been timely filed was not asserting a habeas corpus claim and was therefore not an impermissibly successive § 2255 petition); *Stewart v. Secretary, Florida Dep't of Corrections*, 2009 WL 4279717, *5 (11th Cir. Dec. 1, 2009) (Rule 60(b) motion not a successive petition where petitioner did not attack district court's prior resolution of claims on the merits but instead challenged ruling that petition was untimely); *United States v. Winston*, 2009 WL 3080848, *1 (11th Cir. Sept. 28, 2009) (citing as example of permissible 60(b) motion in § 2255 action one that alleges "fraud upon the federal court that led to the denial of the original habeas petition"); *Solomon v. United States*, 2008 WL 5007205, *2 (11th Cir. Nov. 26, 2008) ("Rule 60(b) may, however, be used to assert that a federal court's previous ruling precluding a merits determination, such as a statute-of-limitations bar, was in error.").

2006) (finding that habeas petitioner's Rule 60(b) argument that counsel failed to transmit the necessary record on appeal was not a mere attack on a procedural defect, but instead improperly sought a "do-over" in district court); *Gurry v. McDaniel*, 2005 WL 2077654, *2 (9th Cir. Aug. 26, 2005) (deeming Rule 60(b) motion a successive habeas petition where petitioner sought leave to argue merits of constitutional claims that he had inadequately presented previously); *Van Adams v. Schriro*, 2009 WL 89465, *5 (D. Ariz. Jan. 14, 2009) (Rule 60(b) motion that "attacks habeas counsel's performance … does not challenge the integrity of the habeas proceedings but instead constitutes a successive petition"); *West v. Schriro*, 2008 WL 4693393, *5 (D. Ariz. Oct. 20, 2008) (petitioner's Rule 60(b) motion "based on habeas counsel's failure to obtain mental health evidence that Petitioner now wishes to present in order to challenge" district court's ruling "is in essence a request to adjudicate a successive petition"); *United States v. Buenrostro*, 2008 WL 1925245, *4-5 (E.D. Cal. Apr. 30, 2008) (petitioner's Rule 60(b) motion predicated on habeas counsel's lack of diligence is, in substance, a successive § 2255 motion cloaked in Rule 60(b) rubric); *Akemon v. Brunsman*, 2008 WL 1766707, *4 (S.D. Ohio Apr. 17, 2008) ("Petitioner further is unable to prevail on any claim that his habeas counsel's ineffectiveness amounted to a defect in the integrity of the federal habeas proceedings ….") (internal quotation marks omitted); *United States v. Sowers*, 2007 WL 2302426, *3 (M.D. Ala. Aug. 9, 2007) (where petitioner's Rule 60(b) motion only challenged presentation of evidence by habeas counsel and sought to present additional evidence in support of original claim for relief, it did not affect integrity of proceedings and was a second or successive habeas petition).[3]

In light of the foregoing principles and authorities, the Court readily concludes that Harris's Rule 60(b)(1) petition is, in actuality, a successive § 2255 petition. Although he purports to raise a defect in the integrity of the habeas proceedings, Harris is taking steps that

---

[3] The Court is aware that the Eleventh Circuit diverged from these authorities in an unpublished opinion. S*ee Hunt v. United States*, 2008 WL 2898213, *1 (11th Cir. July 29, 2008) (§ 2255 petitioner's Rule 60(b) motion deemed not a successive petition where he "alleged problems with his appointed counsel," which panel construed as claiming defects in the integrity of the hearing). However, the *Hunt* panel did not appear to consider the pertinent language in *Gonzalez*, and unpublished opinions are not controlling in any event. *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

lead inexorably to a merits-based attack on the prior dismissal of his § 2255 motion. What Harris wants is an opportunity to re-argue and re-litigate claims for habeas relief that this Court has already considered and denied on the merits. As such, the Rule 60(b) motion is properly viewed as a request to adjudicate a successive petition. This the Court cannot do. "When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA." *Williams*, 510 F.3d at 1294. "The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *see also In re Joshua*, 224 F.3d 1281 (11th Cir. 2000) ("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216. Harris has failed to comply with the requirement that he obtain prior authorization from the appellate court to submit this second or successive petition. He cannot evade this requirement by recasting his successive § 2255 motion as a Rule 60(b) request. Therefore, his Motion (doc. 255) filed nominally under Rule 60(b) is **denied** for lack of jurisdiction.[4]

---

[4] Even if Harris's Rule 60(b) motion were not properly characterized as a second or successive habeas petition, the Court would exercise its discretion to deny it on the merits. The equities do not favor granting Harris a second hearing to present evidence that he could and should have proffered the first time around. After all, the January 6, 2009 Order setting the evidentiary hearing emphasized that one of its purposes would be to allow the Court to assess the credibility of Harris's proposed testimony that he would have offered to the jury had his trial counsel permitted him to testify. Despite this issue having been highlighted for him, and despite Harris's lengthy testimony at the evidentiary hearing and counsel's queries as to whether there was anything else he wanted to tell the Court, Harris did not present this evidence at the hearing. He squandered a full and fair opportunity to do so. That Harris later came to regret this oversight is not a compelling reason for granting him a second evidentiary hearing.

More broadly, if habeas petitioners could obtain a do-over under Rule 60(b) simply because they forgot to say something at their evidentiary hearing that in hindsight (and after reading the district court's subsequent opinion) they wish they had said, multiple hearings would become the norm in habeas cases, with petitioners strategically using Rule 60(b) motions (as

**III. Conclusion.**

For all of the foregoing reasons, petitioner's Motion for Relief from Judgment (doc. 193) is **DENIED**. To the extent that Harris seeks a Certificate of Appealability to appeal this ruling, that request is likewise **DENIED**.

**DONE** and **ORDERED** this 2nd day of June, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

Harris is doing) to obtain rehearings to shore up failings in their initial evidentiary submissions. This kind of manipulation of the Rule 60(b) vehicle would unacceptably burden judicial resources, and would undermine the principle of finality of judgments as to which Rule 60(b) provides only a narrow exception. A "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 873 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (Rehnquist, J., dissenting); *see also Cano v. Baker*, 435 F.3d 1337, 1340 (11th Cir. 2006) (recognizing that need for finality of judgments outweighed equitable circumstances identified by plaintiff in her Rule 60(b) motion); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (when deciding Rule 60(b) motion, district court should consider factors "[t]hat final judgments should not lightly be disturbed" and whether "the movant had a fair opportunity to present his claim or defense" previously); *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) ("relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation") (citation and internal quotation marks omitted). Accordingly, even if there were jurisdiction to hear Harris's Rule 60(b) motion, this Court would nonetheless deny it.