# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-0023-WS-C |
| | ) | |
| JEROME HARRIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant's Application for Certificate of Appealability (doc. 213) and Motion for Leave to Proceed In Forma Pauperis on Appeal (doc. 214).

Defendant, Jerome Harris, Jr., was convicted following a jury trial in June 2005 of the offenses of possessing with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. § 841(a)(1), and using or carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Following an unsuccessful direct appeal, Harris moved to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging multiple grounds of ineffective assistance of counsel. The Court set the matter for evidentiary hearing on April 8, 2009, and appointed counsel to represent Harris at the hearing pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings. On May 11, 2009, the undersigned entered a 25-page Order (doc. 172) addressing and denying each of Harris's asserted claims on the merits. *See United States v. Harris*, 613 F. Supp.2d 1290 (S.D. Ala. 2009). Harris's appeal of this ruling was rejected in February 2010 by the Eleventh Circuit Court of Appeals, which concluded that he had failed to make a substantial showing of a constitutional deprivation. (*See* doc. 192.) Harris's subsequent requests for reconsideration from the Eleventh Circuit and for writ of certiorari from the U.S. Supreme Court were denied. (*See* docs. 195, 203.)

Harris filed his first Rule 60(b) Motion for Relief from Judgment (doc. 193) in May 2010, asking that the April 2009 evidentiary hearing be reopened to allow him to present additional evidence that had been available to him at that time of the hearing but that (for whatever reason) he had neglected to present. Harris blamed his court-appointed lawyer for this

omission, alleging that he had failed to ask the right questions during the evidentiary hearing. On June 2, 2010, the undersigned entered a detailed written Order (doc. 194) explaining that Harris's Rule 60(b) Motion was barred for lack of jurisdiction as a successive § 2255 petition. The June 2 Order expressly relied on the Supreme Court's guidance "that an attack based on the movant's own conduct, or his habeas counsel's omissions … ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). The June 2 Order concluded that Harris's Rule 60(b) Motion was actually a successive § 2255 Motion because, irrespective of his use of buzzwords alleging defects in the integrity of the proceedings, "[w]hat Harris wants is an opportunity to re-argue and re-litigate claims for habeas relief that this Court has already considered and denied on the merits." *United States v. Harris*, 2010 WL 2231893, *4 (S.D. Ala. June 2, 2010). True to form, Harris appealed that ruling. This Court denied him both a Certificate of Appealability (COA) and *in forma pauperis* status on appeal. (*See* docs. 194, 198.) In November 2010, the Eleventh Circuit denied Harris's request for COA, reasoning that "since Harris was asking the court to revisit a previous ruling on the merits, Harris did not plead grounds for Rule 60(b) relief." (Doc. 201.) Harris's ensuing motion for rehearing was likewise denied. (*See* doc. 202.)

Three years later, in October 2013, Harris launched a second Rule 60(b) Motion (doc. 206) seeking reopener of the April 2009 evidentiary hearing because he contended that his appointed counsel could or should have done things differently. In addition to these efforts to retread settled ground, Harris offered a new twist in the October 2013 Motion by invoking principles of fraud on the court pursuant to Rule 60(d)(3), Fed.R.Civ.P. The sole support for this ground was Harris's contention that his court-appointed lawyer informed him prior to the April 2009 evidentiary hearing that Harris's trial counsel, James Brandyburg (whom Harris's § 2255 Petition sharply criticized and charged with unethical and otherwise ineffective assistance), had expressed reluctance to consult with Harris's attorney in preparing for the hearing until he spoke with John Cherry, the Assistant U.S. Attorney who was the Government's lead trial counsel. (Doc. 206, at 23.)[1] Based solely on this remark, Harris contended that Cherry had engaged in

---

[1] There was nothing improper or nefarious about Brandyburg's statement. After all, Brandyburg had provided the Government with an Affidavit (doc. 165-1) back in November
(Continued)

"misconduct" amounting to "substantial Government interference with Mr. Brandyburg's free and unhampered choice … to testify completely and truthfully." (*Id.* at 30.) Brandyburg did testify at the April 2009 evidentiary hearing, and was subject to extensive examination by Harris's attorney at that time. Had Harris or his lawyer wished to explore a theory of witness tampering or Government misconduct with respect to Brandyburg, they had a full and fair opportunity to do so at the April 2009 hearing. No such line of questioning was explored then, nor was there any indication by Brandyburg that his testimony had been tainted, constrained, altered or otherwise manipulated by the Government. Nonetheless, Harris would now, for the first time, parlay his unsupported speculation and reckless accusations about AUSA Cherry into a claim of "fraud on the court" under Rule 60(d)(3).

On October 11, 2013, the undersigned entered an Endorsed Order denying Harris's Motion to Re-open Evidentiary Hearing for the stated reason that "over two years after exhaustion of his appeals, Defendant files this motion to 'reopen' an evidentiary hearing in which he fails to demonstrate in any manner that this court has jurisdiction to consider his request." (Doc. 207.) Harris filed yet another Notice of Appeal (doc. 212), and now seeks a COA and leave to appeal without prepayment of fees and costs.

The appeal, like Harris's underlying Motion, is frivolous. Insofar as Harris is criticizing and second-guessing the efforts of his appointed counsel in preparing for and conducting the April 2009 evidentiary hearing, and is otherwise attempting to re-litigate the merits of his § 2255 Petition, Harris's Motion to Reopen fails for precisely the same reasons as his May 2010 Motion for Relief from Judgment. Again, the law is clear that "an attack based on the movant's … habeas counsel's omissions … ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5. As such, the Motion to Re-Open is an unauthorized second or successive § 2255

---

2008 to defend himself from Harris's charges of unethical conduct and ineffective assistance. As is typically the case, within the context of Harris's § 2255 Petition, Brandyburg's interests were aligned with the Government, not with Harris. Accordingly, it was entirely expected and proper that Brandyburg would want to speak to the Government's lawyers prior to any discussion with Harris's appointed counsel in connection with the evidentiary hearing.

Motion, which this Court lacks jurisdiction to consider. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

Harris's fraud on the court argument likewise fails for lack of jurisdiction. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978); *see also Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) ("fraud on the court" for Rule 60(d) purposes embraces only "fraud which does or attempts to, defile the court itself," whereas [f]raud *inter parties*, without more, should not be fraud upon the court"). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 284-85 (11th Cir. 1987) (quotation omitted). The conclusory accusations in Harris's Motion do not set forth clear and convincing factual allegations sufficient to support a claim of fraud on the court. The facts he presents (which have been known to Harris, by his own admission, since <u>before</u> the April 2009 hearing) do not support a reasonable inference that "Mr. Cherry substantially interfered with Mr. Brandyburg's free and unhampered choice to testify at the earlier hearing." (Doc. 206, at 31-32.) Because Harris "failed to provide clear and convincing probative facts indicating that the Government had an unconscionable scheme to improperly influence the court," *Galatolo v. United States*, 2010 WL 3394547, *2 (11th Cir. Aug. 30, 2010), he has not properly invoked a claim for relief under Rule 60(d)(3), Fed.R.Civ.P.

Stated differently, the Rule 60 mechanism does not confer upon Harris license to waste scarce judicial and governmental resources. The rules do not permit Harris to re-open his long-terminated § 2255 proceedings and the evidentiary hearing therein merely because he fabricates reckless accusations of prosecutorial misconduct based on underlying facts that (a) do not support them, (b) were known to him and his appointed counsel well before the April 2009 hearing took place, and (c) were never raised by Harris in any form or fashion until 4.5 years after the subject hearing occurred. Pursuant to *Booker v. Dugger*, Harris has failed to plead

sufficient facts to raise the issue of the existence of fraud on the court; therefore, he is not entitled to relief on that basis.[2]

In sum, Harris is a serial litigant who has tried time and again to obtain a "do-over" of his § 2255 Motion and evidentiary hearing, in derogation of the jurisdictional requirement that "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua*, 224 F.3d 1281 (11th Cir. 2000). All of this has been explained to Harris before, in extensive detail. Yet he persists in re-packaging and re-litigating his failed arguments via a succession of motions ostensibly brought under Rule 60.

For all of the foregoing reasons, Harris's Motion for Certificate of Appealability (doc. 213) is **denied** because Harris has not made "a substantial showing of the denial of a constitutional right," including a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see generally Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) ("It is still the law of this circuit that a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a … § 2255 proceeding.") (citations omitted). Likewise, Harris's Motion for Leave to Proceed *In Forma Pauperis* on Appeal (doc. 214) is **denied**. In that regard, the Court **certifies** that Harris's appeal is not taken in good faith, inasmuch as it is plainly frivolous. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact).

---

[2] Harris also identifies as a ground for appeal that the Endorsed Order dated October 11, 2013, denying his Motion to Re-Open does not comport with Rule 58, Fed.R.Civ.P., because it is not in the form of a separate document. On their face, however, the provisions of Rule 58 do not apply to "an order disposing of a motion … for relief under Rule 60." Rule 58(a)(5), Fed.R.Civ.P. Of course, that is precisely what Harris's Motion to Re-Open purports to be; therefore, his protests about the form of the October 11 Order constitute yet another in a long line of harassing, baseless arguments advanced by Harris.

DONE and ORDERED this 30th day of December, 2013.

                                         s/ WILLIAM H. STEELE
                                         CHIEF UNITED STATES DISTRICT JUDGE